NOONAN, Circuit Judge,
dissenting:
Iraq, run by the dangerous despot, Saddam Hussein, entered into two contracts to
*1140 buy oil from two companies owned by a United States citizen M.K. Terenkian. The contracts were executed in New York City. Terenkian was to pay for the oil by letters of credit drawn on a bank in New York City. The contracts were approved in New York City by the committee of the United Nations managing its Oil for Food Program. Formed in New York, the contracts were to be paid for in New York. The contracts received necessary approval in New York. It is very difficult to see why these were not all significant steps linking the contracts to the United States.
The majority suggests that the place of formation of the contracts was not significant because their formation is not at issue. Formation was the first essential element for the plaintiffs to establish in order to establish jurisdiction. The plaintiffs established that formation occurred in New York City. The majority finds that the place where payment was to be made was not significant. In our case, as in most cases, the place of performance of a promise to pay is significant. Terenkian would not have wanted payment to be made in Baghdad.
The majority argues that Iraq’s participation in the Oil for Food Program was not commercial activity by Iraq but, rather, a humanitarian relief program undertaken to obtain food for the people of Iraq. The majority cites as authority Republic of Argentina v. Weltover, Inc., 504 U.S. 607, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992) and Adler v. Republic of Nigeria, 107 F.3d 720 (1997). Each of these cases found a foreign government to be liable for its commercial activity in the United States.
As Justice Scalia set out for a unanimous Supreme Court “commercial” is the key to the exception for commercial activity created by the Foreign Sovereign Immunities Act. Its meaning is to be found in “the restrictive theory at the time the statute was enacted.” Weltover at 613, 112 S.Ct. 2160. Under this approach, a foreign state that exercises powers that can also be exercised by private parties is not immune as a sovereign. Id. at 614, 112 S.Ct. 2160. So in Weltover, Argentina acted not “as regulator of a market” but “as a private player within it” and was not immune. Id. As Justice Scalia pointed out, the motive of the state was irrelevant. It was the type of action that counted. Id. at 614, 112 S.Ct. 2160. In our case, the majority focuses on Iraq’s “humanitarian” motive, which is irrelevant. What Iraq was doing was what any private player could do, trading oil to obtain money for food.
In Adler, we followed Weltover and looked not to “the motive” or “the purpose” of the foreign government but to whether its actions were of the type “by which a private party engages in commerce.” Adler at 724. Hence, we held Nigeria might be sued when through the government-owned Nigerian National Petroleum Corporation it entered into a computerization of certain oil fields in Nigeria. As we observed “there is nothing uniquely sovereign about computerizing oil fields.” Id. So here there is nothing specifically sovereign about bartering oil.
The majority brushes off the showing that in New York today Iraq takes the position that there is federal jurisdiction of claims under the Oil for Food Program. The majority characterizes that as a “litigation position,” which does not create jurisdiction. True, it does not create jurisdiction. But positions cannot be taken arbitrarily or fraudulently in filing or answering a complaint. A position asserted in such a document is sworn to be true. Iraq may not honestly say there is jurisdiction in New York and deny that there is jurisdiction of similar claims in San Diego.
, In our case, in order to protect its treasury the Republic of Iraq has chosen to *1141 step into the shoes of the wretched regime that once ruled the country. Equities do not create jurisdiction. Equities may discourage us from stretching beyond precedent to find reasons for letting Iraq off the hook on which the Hussein regime hung after its alleged attempts at extorting bribes had failed.
I would affirm the district court.